IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MEDICAL SERVICE ASSOCIATION,<br><br>     Plaintiff,<br><br> vs.<br><br>FREDERICK NITTA, M.D.,<br><br>     Defendant. | Civil No. 19-00014 JMS-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF HAWAII MEDICAL SERVICE ASSOCIATION'S MOTION FOR REMAND |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF
HAWAII MEDICAL SERVICE ASSOCIATION'S MOTION FOR REMAND

Defendant Frederick Nitta, M.D. ("Defendant") removed this action to this district court when he filed his Notice of Removal on January 11, 2019 ("Notice"). *See* ECF No. 1. Plaintiff Hawaii Medical Service Association ("HMSA") filed a Motion to Remand on February 4, 2019. *See* ECF No. 4. Defendant filed an Opposition to the Motion to Remand on February 18, 2019. *See* ECF No. 9. HMSA filed a Reply on February 25, 2019. *See* ECF No. 10.

The Court elected to decide the Motion to Remand without a hearing pursuant to Local Rule 7.2(d). After careful consideration of the parties' briefings, the record in this case, and relevant case law, the Court FINDS and RECOMMENDS that the district court remand this action to the Circuit Court of the Third Circuit, State of Hawai'i ("State Court").

BACKGROUND

On January 7, 2019, HMSA filed a Motion for Order Confirming Final Award of Arbitrator ("Motion for Confirmation") in State Court, the subject of which was an arbitration HMSA and Defendant participated in from June 12 through June 14, 2018.  *See* ECF No. 1-1.  The arbitrator entered his final award in favor of HMSA on December 12, 2018 ("Final Award").  *See id*. at 22.  The Motion for Confirmation sought an order confirming the Final Award.  *Id*. at 7.  HMSA sought confirmation pursuant to:  (1) 9 U.S.C. § 9, the section governing confirmation of an arbitrator's awards in the Federal Arbitration Act ("FAA"); and (2) sections 22 through 25 of chapter 658A of the Hawaii Revised Statutes, Hawaii's Uniform Arbitration Act.  *Id*. at 4.

The Motion for Confirmation asserts that one of the agreements entered into between HMSA and Defendant requires that parties' arbitration be governed by the FAA.  The Motion for Confirmation also contends that the parties agreed to apply the FAA when they agreed to participate in binding arbitration.  *Id.* at 4.  HMSA argued in the motion that, notwithstanding the agreement that arbitration would be governed by the FAA and applied in the arbitration agreement, the FAA does not establish exclusive federal jurisdiction and applies equally in state or federal courts.  *Id*.  HMSA thus requested that the State Court confirm the Final Award and enter judgment in HMSA's favor.  *Id*. at 7.

2

Four days after HMSA filed its Motion for Confirmation, Defendant filed his Notice, asserting that this district court has original jurisdiction of Plaintiff's civil action pursuant to 28 U.S.C. § 1331 because "the action seeks to confirm the award of an arbitration proceeding arising from the interpretation of federal laws and regulations and conducted in accordance with the rules of the [FAA]."  ECF No. 1 at 2.  HMSA requested remand on February 4, 2019.

The Court held a discussion regarding HMSA's Motion to Remand with the parties on February 11, 2019, in lieu of a Rule 16 Scheduling Conference.  ECF No. 7.  Defendant moved forward in federal court.  The Court set a hearing on the Motion to Remand for February 28, 2019.  *See* ECF No. 8.  On February 26, 2019, HMSA requested a decision on the Motion to Remand without a hearing to mitigate attorneys' fees and costs.  *See* ECF No. 11.

On February 27, 2019, the Court elected to decide the Motion to Remand without a hearing pursuant to Local Rule 7.2(d) and vacated the February 28, 2019 hearing on the Motion to Remand.  *See* ECF No. 12.  In addition, the Court entered an order recommending that the district court remand the case and grant HMSA its attorneys' fees and costs associated with the Motion to Remand ("February 25, 2019 Entering Order"):

> The Court FINDS and RECOMMENDS that the district court GRANT the Motion and remand to the Third Circuit Court, State of Hawaii. In addition, the Court FINDS that Plaintiff Hawaii Medical Service Association ("HMSA") is entitled to the attorneys' fees and

3

costs incurred as a result of Defendant Frederick Nitta's removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

The Court orders HMSA to submit a Declaration detailing its "just costs and actual expenses, including attorney fees" no later than 03/06/2019, after which this Court will issue a written findings and recommendations (1) expounding on its reasons for recommending remand, and (2) recommending the "just costs and actual expenses" to which HMSA is entitled. If Defendant wishes to object to the remand, Defendant may do so after the Court has issued its written findings and recommendations.

*Id*. HMSA timely filed its Declaration detailing its just costs and actual expenses, including attorneys' fees pursuant to the February 25, 2019 Entering Order ("HMSA's Declaration"). *See* ECF No. 13. Defendant filed his Declaration in response to HMSA's Declaration on March 15, 2019 ("Defendant's Declaration"). *See* ECF No. 14-15.

## DISCUSSION

## I. FEDERAL-QUESTION JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). Courts in this circuit must "strictly construe the removal statute against removal jurisdiction." *Gaus v.*

4

*Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*; *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant contends in his Notice that this district court has original jurisdiction over HMSA's civil action because "the action seeks to confirm the award of an arbitration proceeding arising from the interpretation of federal laws and regulations and conducted in accordance with the rules of the Federal Arbitration Act, 9 U.S.C. § 1 et seq."  ECF No. 1 at 2.  Defendant thus maintains that the "right to remove this action is granted pursuant to 28 U.S.C. § 1441."  *Id.*  The Court disagrees.

First, Defendant has not met his burden of establishing that this Court has original jurisdiction of Plaintiff's claims.  Nothing in HMSA's Motion for Confirmation evinces that any of HMSA's claims "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *Deutsche Bank Nat'l Tr. Co. v. Hagan*, No. 15-00376 JMS-KSC, 2015 WL 7720465, at *2 (D. Haw. Nov. 27, 2015).  Second, the Court is not convinced that the case removed by Defendant qualifies as a "civil action" under § 1441.  No "civil action" existed at the time HMSA filed its Motion for Confirmation in State Court.  Accordingly, for the reasons further expounded in this Findings and Recommendation, this Court

RECOMMENDS that the district court GRANT HMSA's Motion to Remand.

A.    Original Jurisdiction

HMSA argues in its briefings that Defendant's removal was improper "because the FAA 'does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.'"  ECF No. 4-1 at 1 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  HMSA contends that the law is clear:  "'[T]he presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA.'"  ECF No. 10 at 3 (quoting *Carter v. Health Net of Cali., Inc.*, 374 F.3d 830, 836 (9th Cir. 2004)).  The Court agrees.

Under well-established United States Supreme Court precedent, the propriety of removal "depends on whether the case originally could have been filed in federal court."  *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, "[a]bsent diversity of citizenship, federal-question jurisdiction is required."  *Id*.  Diversity of citizenship jurisdiction is not at issue in

this case.  Defendant relies on federal Medicaid law and the arbitrator's "manifest disregard of federal law" as the bases for federal-question jurisdiction.  The Court finds no basis for federal-question jurisdiction.  Accordingly, the Court FINDS removal was improper.

    1.   Medicaid Rules and Regulations

Defendant first contends that "the fact that HMSA is seeking to recoup Medicaid funds in a manner which is contrary to federal statutes and regulations strongly implicates questions of federal law."  ECF No. 9-1 at 4.  Defendant argues that HMSA lacked authority to initiate a recoupment action against Defendant because Medicaid rules and regulations require certain procedures.  *Id*. at 6-7.  Defendant therefore maintains that, "even if the Court agrees with HMSA that the underlying claims are questions of state law, the Court can still find that there is federal-question jurisdiction because the underlying claim strongly implicates federal law."  *Id*. at 8.  Defendant's arguments are without merit.

Nothing in HMSA's Motion for Confirmation references Medicaid's rules and regulations.  Significantly, Defendant fails entirely to cite to anything in HMSA's Motion for Confirmation that evinces an objective basis for removal.  The law in this circuit clearly requires notice of removability to be determined by an objective analysis of the face of the applicable document:

      We now conclude that notice of removability under § [28 U.S.C.]
      § 1446(b) is determined through examination of the four corners of

the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.  Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is "not removable" at that stage.  In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (citing 28 U.S.C. § 1446(b)); *see also Rossetto v. Oaktree Capital Mgmt.*, LLC, 664 F. Supp. 2d 1122, 1128 (D. Haw. 2009) ("In *Harris,* the Ninth Circuit rejected the duty to investigate approach, instead adopting a bright line rule that grounds for removal must be evident in the initial pleadings.").

The Ninth Circuit has explicitly reasoned that jurisdictional and procedural interests are best served by this bright-line approach.  First, "objective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship . . . ."  *Harris*, 425 F.3d at 697.  Second, "an objective baseline rule avoids the spectre of inevitable collateral litigation over whether the [applicable document] contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."  *Id*.  The Court finds that Defendant's asserted grounds for removal is based on his subjective knowledge, requires further investigation to substantiate such grounds, and is wholly unapparent from the face of HMSA's Motion for Confirmation.

Indeed, the only basis for removal this Court can ascertain is contained only in Defendant's Opposition to HMSA's Motion to Remand filed in this district court. *See, e.g.,* ECF No. 9-1 at 1 ("Federal question jurisdiction exists in this case because [HMSA's] claim it is entitled to recoup alleged overpayments of Medicaid funds to [Defendant] is inextricably linked to federal Medicaid law.").  The document that triggers the thirty-day removal period, however, "cannot be created by the defendant." *Rossetto*, 664 F. Supp. 2d at 1129.  Rather "'a court must take note that the 'amended pleading, motion, order or other paper' must derive from 'either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity.'" *Id.* (quoting *Smith v. Int'l Harvester Co*., 621 F. Supp. 1005, 1007 (D. Nev. 1985)); *see also id*. (citing *Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 762 (5th Cir. 2000) ("[T]he 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changes circumstances which now support federal jurisdiction.")).  In addition, the triggering document cannot be one filed in federal court.  *Id*. at 1129-30 ("As indicated in *Peabody,* a motion in federal court cannot trigger a right to remove to federal court.") (citing *Peabody v. Maud Van Cortland Hill Schroll Trust,* 892 F.2d 772, 775 (9th Cir. 1989) ("The record of the state court is considered the sole source from which to ascertain whether a case originally not removable has since become removable.")).

Here, Defendant did not submit with his Notice, nor did he refer in any of his briefings, to any paper presented to Defendant by HMSA that provided grounds for removal pursuant to § 1446(b).  Accordingly, this Court finds that Defendant's asserted basis for removability, Medicaid regulations, was not an objectively reasonable basis to seek removal in this case.

2.   The Arbitrator's Award

Next, Defendant argues in support of federal jurisdiction based on his assertion that the arbitrator manifestly disregarding applicable federal law in deciding the underlying case.  ECF No. 9-1 at 9.  Defendant contends that "federal courts have subject-matter jurisdiction where the ultimate disposition of the matter requires the application and interpretation of a substantial question of federal law."  ECF No. 9-1 at 9.  Defendant argues that, "[i]n the context of review of an arbitration award, the federal courts have jurisdiction where a party complains principally and in good faith that an arbitration award was rendered in manifest disregard of federal law."  *Id*.  In support of these argument, Defendant cites to *Carter*, 374 F.3d at 836, and *Luong v. Circuit City Stores*, 368 F.3d 1109 (9th Cir. 2004).  Defendant misses the mark in interpreting these cases.

First, *Carter* involved precisely what Defendant is attempting, albeit circuitously, to do here—vacate an arbitrator's award.  Similar to this case, the plaintiffs in *Carter* filed a petition in state court to confirm an arbitration award

against the defendant and "requested attorney's fees 'incurred in relation to [the]

petition pursuant to the applicable provisions of ERISA."  *Carter*, 374 F.3d at 833.

The defendant removed the case to federal court, where the district court denied

plaintiffs' motion to remand to state court.  *Id*.  The defendant subsequently

petitioned the district court to vacate the arbitration award on the grounds that the

"arbitrator had exceeded his authority, had refused to hear material evidence, and

had failed to disqualify himself for appearance of bias."  *Id*.  The district court

agreed and vacated the arbitration award.  *Id*.  On appeal, the Ninth Circuit vacated

and remanded with instructions to remand to state court.

   The Ninth Circuit explicitly held in *Carter* that the valid exercise of federal

question jurisdiction depends upon the substantive claims raised in a plaintiff's

petition to confirm the award.  *Id*. at 834.  In addition, the Ninth Circuit held that a

"request for attorney's fees cannot be a basis for federal jurisdiction."  *Id*. at 824.

Accordingly, the Ninth Circuit held that the district court lacked subject matter

jurisdiction over the plaintiffs' petition to confirm the award because on its face,

the plaintiffs' petition raised no federal question.  The Ninth Circuit reasoned that

the district court could not have exercised jurisdiction because the only federal

claims involved in the case were those raised in the underlying arbitration.  *Id*.

   Similarly, the substantive claims raised by HMSA in its Motion for

Confirmation were entirely contractual.  *See* ECF No. 1-1 at 3 (asserting that the

Final Award of Arbitrator arose out of Defendant's billings submitted to HMSA

under his Participating Provider Agreement and Quest Participating Provider

Agreement for services provided to HMSA members in his Hilo, Hawai'i office).

The only trace of federal law in HMSA's Motion for Confirmation was HMSA's

assertion that the FAA governed the arbitration.  ECF No. 1-1 at 4.  The FAA is,

however, "something of an anomaly in the field of federal-court jurisdiction."  *In*

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32

(1983).  "It creates a body of federal substantive law establishing and regulating

the duty to honor an agreement to arbitrate, yet it does not create any independent

federal-question jurisdiction under 28 U.S.C. § 1331 . . . ."  *Id.*  "It is well settled

that federal courts must have an independent basis for federal jurisdiction to hear

claims under the FAA[.]"  *Luong*, 368 F.3d at 1111 (citing *Moses H. Cone Mem'l*

*Hosp.*, 460 U.S. at 25 n.32; *Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9 (1984)).

Nothing in the FAA, including 9 U.S.C. § 9, the section in the FAA

permitting a district court to confirm an arbitration award upon a petition, provides

an independent basis for federal jurisdiction, even when the underlying arbitration

involves a federal question, which in this case, the arbitration did not.  *Carter*, 374

F.3d at 835 (citing *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969

(9th Cir. 1981) ("[A]pplicants who . . . seek confirmation of an arbitration award

under 9 U.S.C. § 9 must demonstrate independent grounds of federal subject matter

jurisdiction." (alterations in *Carter*)); *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 140 (2d Cir. 2002) (holding that district court erred in determining that § 9 conferred jurisdiction to confirm an arbitration award rendered in dispute concerning securities law); *Collins v. Blue Cross Blue Shield of Mich.*, 103 F.3d 35, 38 (6th Cir. 1996) ("[N]either the FAA nor the underlying arbitrated [ADA] claim provide[s] an independent basis of federal jurisdiction in an action to confirm or vacate an arbitration award.") (alterations in *Carter*)); *see also Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 884 (9th Cir. 1993) ("The Supreme Court has consistently held that federal courts may hear claims under the Act only when there is an independent basis for federal jurisdiction."). Accordingly, Defendant's assertion—"Under the Ninth Circuit's FAA jurisprudence, it is not the presence of federal issues in an underlying arbitration that determines whether federal question jurisdiction exists, but rather the grounds asserted for federal review"—is specious.

The Ninth Circuit's reasoning in *Carter* is unequivocal:  The "clear jurisdictional principle" that has emerged from FAA cases in this circuit and other circuits is that even "the presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA."  *Carter*, 374 F.3d at 836.  Rather, under Ninth Circuit FAA jurisprudence, "the grounds asserted for federal review in

a well-pleaded petition [for confirmation or vacatur]" determines whether there is an independent basis for federal question jurisdiction to review an FAA arbitration award. *Id.* In addition, as is the case for every removal, the grounds asserted by the plaintiff, not the defendant, determines whether federal question jurisdiction exist.

Here, HMSA did not assert any claims creating a basis for independent federal-question jurisdiction in its Motion for Confirmation. Accordingly, the Court FINDS that this district court lacks subject matter jurisdiction over this case. The Court thus RECOMMENDS that the district court remand this case to State Court.

B.   Only "Civil Actions" Are Removable

Although not raised by either party, the Court must emphasize that, substantive law aside, Defendant had no suitable procedural basis to remove this action and the removal teeters on the edge of violating Federal Rule of Civil Procedure 11(b). If Defendant was unsatisfied with the decision of the arbitrator, removal was not the procedural mechanism to attack the decision.

The Federal Rules of Civil Procedure expressly provide that the federal rules apply to the FAA except as the FAA provides in its own procedures. Fed. R. Civ. P. 81(6)(B); *see also Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994) ("The court properly treated [plaintiff's]

14

petition [to modify an arbitrator's award] as a motion in accordance with the express provision of the FAA."); *Booth v. Hume Publ'g, Inc*., 902 F.2d 925, 931 (11th Cir. 1990) (holding that the rules of procedure provided in the FAA govern proceedings arising under that Act and it is only where the FAA is silent that the Federal Rules of Civil Procedure become applicable").  9 U.S.C. § 6 of the FAA explicitly provides that any application to the court made pursuant to the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions except as otherwise . . . expressly provided [for in the FAA]." HMSA properly made its application to confirm the award under the FAA by motion as required under the FAA.  *See Gavaldon v. Stanchart Sec. Int'l, Inc.*, No. 12CV3016-LAB MDD, 2015 WL 5285657, at *2 (S.D. Cal. Sept. 9, 2015) ("[A]pplications to confirm arbitration awards are made by motion.") (citing 9 U.S.C. § 6; *IFC Interconsult, AG v. Safeguard Int'l Partners*, LLC, 438 F.3d 298, 308-09 (3d Cir. 2006) (noting the FAA's procedural requirement that litigants proceed by motion, not pleading); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.")).  Accordingly, there was no "civil action" to remove in this case.

A defendant may only remove a "civil action" brought in state court of which the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441(a).  "A state's own laws and rules of procedure determine when a dispute

15

may be deemed a cognizable legal action in state court." *Bush v. Cheaptickets,*

*Inc*., 425 F.3d 683, 686 (9th Cir. 2005) ("In most states this occurs either when the

suit is filed or when the complaint or summons is served.").  In Hawaiʻi state

courts, there is "one form of action—the civil action"—and a "civil action is

commenced by filing a complaint with the court."  Haw. R. Civ. P. 2-3.  The Court

is thus not convinced that Defendant had any "right to remove this action . . .

pursuant to 28 U.S.C. § 1441" as maintained in his Notice because HMSA did not

bring a "civil action" in State Court.  *See, e.g*., *Ariz. ex rel. Goddard v. Yeh*, No.

09-CV-01596-PHX-GMSG, 2009 WL 2870078, at *1 (D. Ariz. Sept. 3, 2009)

(explaining that in Arizona, a civil action is commenced by filing a complaint with

the court, however, no complaint had yet been filed in the case, nor was one

required to have been; thus, remand was proper because no civil action that could

be removed had commenced).

Section 1446 of Title 28 of the United States Code sets forth the procedure

for the removal of a civil action from state to federal court and "provides two

thirty-day periods during which a defendant may remove an action."  *Rossetto*, 664

F. Supp. 2d at 1128.  Section 1446(b) thus provides two conditions that "trigger" a

defendant's right to remove an action in state court.  First, a defendant may remove

an action "'if the case stated by the initial pleading is removable on its face.'"

*Rossetto*, 664 F. Supp. 2d at 1128 (quoting *Harris*, 425 F.3d at 694); *see also* 28

U.S.C. § 1446(b)(1) (providing a defendant thirty days after receipt of the initial

pleading to file a notice of removal).  Second, a defendant may remove an action if

removal was not apparent from the initial pleading, but is later apparent from some

other "paper" received by the defendant after the initial pleading is received by the

defendant.  28 U.S.C. § 1446(b)(3).  Significantly, HMSA's Motion for

Confirmation is not a "pleading" under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 7 defines "pleadings" to include only

complaints, answers, and court ordered replies to an answer:

> (a) Pleadings. Only these pleadings are allowed:
>      (1) a complaint;
>      (2) an answer to a complaint;
>      (3) an answer to a counterclaim designated as a counterclaim;
>      (4) an answer to a crossclaim;
>      (5) a third-party complaint;
>      (6) an answer to a third-party complaint; and
>      (7) if the court orders one, a reply to an answer.

Neither the Federal Rules of Civil Procedure nor the FAA contemplates that a

request to a court to confirm an arbitration award, regardless of how such request is

titled, qualifies as a "pleading."  Accordingly, HMSA did not file a "pleading" in

this action.  Defendant removed this case when HMSA filed its Motion for

Confirmation.  Thus, Defendant's only option for establishing removal was under

28 U.S.C. § 1446(b)(3) ("second removal trigger"), which provides that if no

ground for removal is evident in the initial pleading, "the notice of removal may be

filed within thirty days after the defendant receives 'an amended pleading, motion,

17

order or other paper' from which it can be ascertained from the face of the

document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C.

§ 1446(b)).

The Ninth Circuit has held that the plain language of § 1446(b) provides that

this second removal trigger applies "'when the case stated by the initial pleading is

not removable.'" *Id.* (quoting 28 U.S.C. § 1446(b)). Section 1446(b)(3)'s removal

trigger period is thus reserved for when there has been a "change in the parties or

other circumstances revealed in a newly-filed 'paper'" from which it may first be

ascertained that the case is removable. *Id.*; *see also id.* at 695 (quoting *Lovern v.

Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("Thus, [§ 1446(b)(3)]

expressly encompasses the case in which the actual facts supporting federal

jurisdiction remain unaltered from the initial pleading, but their existence has been

*manifested* only by later papers, revealing the grounds for removal for the first

time.") (emphasis in *Lovern*)).

Indeed, the United States Supreme Court has "long held that '[t]he presence

or absence of federal-question jurisdiction is governed by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint.'"

*Rivet*, 522 U.S. 470, 475 (1971) (brackets in *Rivet*) (quoting *Caterpillar*, 482 U.S.

at 392)). Accordingly, the availability of a second removal trigger tempers the

stringency of § 1446(b)(1) ("first removal trigger"), which permits removal only

when the basis for federal jurisdiction is set forth in the initial pleading. *Harris*,

425 F.3d at 694 (quoting *Lovern*, 121 F.3d at 162) ("It thus appears that the statute

does not preclude defendants from removing a case where their discovery of the

grounds of federal jurisdiction is belated because facts disclosing those grounds

were inadequately or mistakenly stated in the complaint."). As explained above,

however, HMSA never filed a "pleading" in this case; thus, there was no "civil

action" to remove.

Accordingly, not only was Defendant's removal improper for substantive

jurisdictional reasons, but the removal was also entirely procedurally incorrect. It

is this Court's duty to "strictly construe the removal statute against removal

jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of

removal in the first instance." *Gaus*, 980 F.2d at 566. The Court has more than

just doubt in this case. Accordingly, this Court FINDS and RECOMMENDS that

the district court GRANT HMSA's Motion to Remand.

## II. Attorneys' Fees

"When a federal court remands a case, it 'may require payment of just costs

and any actual expenses, including attorney fees, incurred as a result of the

removal.'" *Kalamau v. Kaloi*, Civ. No. 13-00200 JMS-KSC, 2013 WL 3288064,

at *1 (D. Haw. June 12, 2013), *adopted by* 2013 WL 3288405 (D. Haw. June 27,

2013) (quoting 28 U.S.C. § 1447(c)). "If, however, there is an objectively

reasonable basis [for removal], fees should be denied." *Id.* "Bad faith on the part

of the removing party is not required[.]" *Id.*

HMSA requests an award of $19,110.15 ($5,521.50 in attorneys' fees

incurred in January 2019 + 260.17 for GET and $12,728.79 in attorneys' fees

incurred in February 2019 + $599.78 in GET) for the 70.6 hours of work expended

by HMSA's attorneys as a result of Defendant's improper removal. *See* ECF 13.

This amount reflects:

(1) a 10% discount to HMSA on attorneys' fees;

(2) a request for an hourly rate of $425.00 for Dianne Brookins, Esq., an

attorney with 32 years of experience in healthcare law, who expended a total of

25.2 hours (5.2 hours in January + 20 hours in February);

(3) a request for an hourly rate of $250.00 for Jasmine Fisher, Esq., an

attorney with 4 years of total experience in the practice of law, with admittance to

the Hawaiʻi bar in September 2017, who expended a total of 34.3 hours (15.7 hours

in January + 18.6 hours in February);

(4) a request for an hourly rate of $190.00 for Madisson Heinze, Esq., an

attorney with 4 years of total experience in the practice of law, with admittance to

the Hawaiʻi bar in November 2016, who expended a total of 4.6 hours in January;

and

(5) a request for an hourly rate of $170.00 for Wendi Chang, a paralegal

with 27 years of experience as a litigation paralegal in the State of Hawaiʻi, who

expended a total of 0.7 hours in February.  *Id*. at 2.

A majority of Defendant's Declaration filed in response to HMSA's

Declaration addresses matters outside the scope of what this Court ordered, and

discusses matters outside the record in this case.  The Court permitted Defendant to

file a response to HMSA's Declaration addressing only the contents of HMSA's

Declaration.  *See* ECF No. 14.  Out of the 31 paragraphs in Defendant's

Declaration, however, only 6 are related to the contents of HMSA's Declaration.

In these six paragraphs, Defendant summarily maintains that the "number of hours

and billing rates sought to be compensated by HMSAS for writing and filing a

seven-page motion to remand are clearly and disturbingly inflated and unjustified

given the actual scope of the work required to be performed."  ECF No. 15 at 8.

The Court disagrees.

The Court finds that awarding HMSA its attorneys' fees and costs in

connection with this remand is manifestly just in this case.  As explained

extensively in this Findings and Recommendation, Defendant's removal was

objectively neither substantively nor procedurally reasonable.  Only unusual

circumstances warrant a departure from the general rule that attorneys' fees should

be awarded when the removing party does not have an objectively reasonable basis

for removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005) ("[W]here no objectively reasonable basis exists, fees should be awarded.").  This action does not demonstrate unusual circumstances warranting departure from the general rule.

Insofar as Defendant argues that the number of hours expended and the hourly rates requested by HMSA are inflated and unjustified, the Court is unpersuaded.  First, the Court finds the hours expended to be reasonable.  HMSA's counsel expended 64.8 hours, not just on a seven-page remand, but also, reviewing Defendant's Notice and Opposition to the Motion to Remand, drafting a well-written and researched 13-page Reply, and drafting correspondence to this Court requesting that the Court forego a hearing to mitigate attorneys' fees.  *See* ECF No. 1, 4, 9, 10, 12.  The Court finds that the number of hours expended by HMSA's counsel are reasonable.

In addition, the Court finds that HMSA's requested hourly rates reasonable, except Ms. Chang's hourly rate.  The Court finds that $170.00 is an excessive hourly rate given the tasks Ms. Chang performed in this case.  Ms. Chang expended 0.5 hours conferring with Ms. Brookins regarding the Motion to Remand and drafting Ms. Brookins' Declaration for the Motion to Remand, and 0.2 hours drafting Ms. Brookins' declaration for the Reply.  In addition, HMSA did not submit any evidence that $170.00 is the prevailing rate generally awarded for

22

paralegal work in this community. *See Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.").  Accordingly, based on the information HMSA's counsel submitted to the Court regarding Ms. Chang's tasks and experience, the Court finds that $130.00 is a more reasonable rate.

This Court thus recommends that the district court award HMSA $19,083.76[1] for just costs and actual expenses HMSA incurred as a result of Defendant's improper removal.

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court (1) GRANT HMSA's Motion to Remand, (2) REMAND this case to the Circuit Court of the Third Circuit, State of Hawai'i, and (3) AWARD HMSA a total of $19,083.76 in just costs and any actual expenses, including attorney fees, incurred as a result of Defendant's improper removal.

---

[1] D.B. $425*25.0=     $10,710
    J.F.   $250*34.3=   $8,575
    M.H. $190*4.6=     $874.00
    W.C. $170*.7=       $91
                        $20,250.00-10% ($2,025.00)=$18,225.00
                        $18,225.00*4.712% GET ($858.76)=$19,083.76

The Court also RECOMMENDS that, if this Findings and Recommendation is adopted by the district court, the district court order Defendant to remit payment of the attorneys' fees and costs awarded in this Findings and Recommendations within two weeks after the district court adopts this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED:    Honolulu, Hawai'i, March 25, 2019.



_____
Kenneth J. Mansfield
United States Magistrate Judge

CV19-00014 JMS-KJM; *HMSA v. Nitta*; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF HMSA'S MOTION TO REMAND