IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MEDICAL SERVICES ASSOCIATION,<br><br>          Plaintiff,<br><br>    vs.<br><br>FREDERICK NITTA, M.D.,<br><br>          Defendant. | CIV. NO. 19-00014 JMS-KJM<br><br>ORDER ADOPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATION, ECF NO. 16, AND REMANDING ACTION TO STATE COURT |

## ORDER ADOPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATION, ECF NO. 16, AND REMANDING ACTION TO STATE COURT

## I. INTRODUCTION

Defendant Frederick Nitta, M.D. ("Defendant" or "Dr. Nitta") objects, under 28 U.S.C. § 636(b)(1) and Local Rule 72.4, to Magistrate Judge Kenneth J. Mansfield's March 27, 2019 Findings and Recommendation to Grant Plaintiff Hawaii Medical Service Association's ("Plaintiff" or "HMSA") Motion for Remand (the "F&R"). ECF No. 17. The F&R recommended that the court remand this action to the State of Hawaii Circuit Court for the Third Circuit ("state court") based on its findings that (1) there is no basis for federal question jurisdiction, and (2) the state court proceeding was not a "civil action" and therefore, there was no valid procedural basis to remove the case. ECF No.16 at PageID #186, 191. The

F&R further found that without a valid procedural basis for removal, Defendant's removal "teeters on the edge of violating Federal Rule of Civil Procedure 11(b)," and recommended awarding Plaintiff, pursuant to 28 U.S.C. § 1447(c), its "just costs and actual expenses" of $19,083.76 in attorneys' fees and costs incurred in connection with the removal. *Id.* at PageID # 186, 195.

Defendant objects to a portion of the F&R—its findings that (1) there is no federal question jurisdiction, and (2) an award of attorneys' fees in excess of $19,000 is "just." ECF No. 17 at PageID #198-201.

Upon de novo review, the court agrees that there is no basis for federal question jurisdiction, but disagrees that an award of attorneys' fees is warranted. Further, absent objection, the court declines to decide whether a valid procedural basis exists to remove this action, but even if no valid procedure exists, the court disagrees that Defendant's removal "teeters on the edge of" violating Rule 11(b).

Thus, the F&R is ADOPTED in part and REJECTED in part, and this action is REMANDED to state court.

///

///

///

## II. BACKGROUND

**A.      State Court Proceedings**

On January 7, 2019, Plaintiff filed a Motion for Order Confirming Final Award of Arbitrator ("Final Award") in state court ("Motion for Confirmation"). ECF No. 1-1. As alleged in the Motion for Confirmation, HMSA and Dr. Nitta are parties to a QUEST Participating Provider Agreement ("QUEST PPA"), which "governs the services provided by Dr. Nitta to HMSA's members enrolled in the Medicaid managed care program implemented by the Med-QUEST division with the Department of Human Services for the State of Hawaiʻi, referred to as "QUEST."[1] ECF No. 1-1 at PageID #6 n.2; *see id.* at PageID #28. Pursuant to the QUEST PPA and a separate Agreement to Participate in Binding Arbitration ("APBA"), the parties agreed that disputes between them would be submitted to arbitration under the FAA. *See* ECF No. 1-1 at PageID #7, 30, 38-39. As provided in section 8.3(a) of the QUEST PPA, the parties also agreed that "[t]he decision of the arbitrator shall be final and binding on the parties and judgment shall be entered thereon upon timely motion by either party in a court of competent jurisdiction." *Id.* at PageID #7, 30.

---

[1] The Motion for Confirmation alleges that HMSA and Dr. Nitta are also parties to a Participating Provider Agreement ("PPA"), which governs services provided by Dr. Nitta to HMSA members enrolled in non-QUEST HMSA plans. *See* ECF No. 1-1 at PageID #6 n.2.

In June 2018, HMSA and Dr. Nitta participated in an arbitration to resolve a dispute over Dr. Nitta's billing and HMSA's payment for medical tests administered by Dr. Nitta to HMSA members between 2012 and 2014. *See id*. at PageID #7. On December 12, 2018, the arbitrator issued his Final Award in favor of HMSA and against Dr. Nitta, requiring Dr. Nitta to reimburse HMSA $1,765,822.33 that he received as a result of improper billing. *Id.* at PageID #13-25. The Motion for Confirmation asserts that the Final Award "arises out of Dr. Nitta's billings submitted to HMSA under [the QUEST PPA]." *Id.* at PageID #6. Plaintiff moved for confirmation of the Final Award pursuant to both the Federal Arbitration Act ("FAA") and Hawaii's Uniform Arbitration Act ("HUAA"), specifically, "9 U.S.C. § 9 and [Hawaii Revised Statutes ("HRS")] chapter 658A."[2] *Id.* at PageID #5-7.

---

[2] The provisions of HUAA upon which the Motion for Confirmation relies include:

(1) HRS § 658A-22 ("After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to [HUAA].";

(2) HRS § 658A-25)(a) ("Upon granting an order confirming . . . an award, the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.");

(3) HRS § 658A-26(a) ("A court of this State having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate."); and

(continued . . . )

**B.     Federal Court Proceedings**

On January 11, 2019, Defendant removed this action pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction.[3]  ECF No. 1.  More specifically, the Notice of Removal asserts that "the action seeks to confirm the award of an arbitration proceeding arising from the interpretation of federal laws and regulations and conducted in accordance with the rules of the [FAA]." *Id.* at PageID #2.  On February 4, 2019, Plaintiff filed a Motion for Remand.  ECF No. 4.  On February 18, 2019, Defendant filed an Opposition, ECF No. 9, asserting an additional basis for federal question jurisdiction—that "the arbitrator's award in the underlying case was rendered in manifest disregard of federal law."  ECF No. 9-1 at PageID #71.  On February 25, 2019, Plaintiff filed a Reply ECF No. 10.

On February 27, 2019, Magistrate Judge Mansfield issued an Entering Order recommending that Plaintiff's Motion for Remand be granted, finding that Plaintiff is entitled to an award of its just costs and actual expenses, including attorney fees, incurred as a result of Defendant's removal, and directing Plaintiff's counsel to submit a declaration detailing those fees.  ECF No. 12.  On March 6,

---

(4) HRS § 658A-27 ("A motion pursuant to [HUAA] shall be made . . . in the court of any circuit in which an adverse party resides or has a place of business[.]").

[3] There is no dispute that diversity jurisdiction does not exist in this action.

2019, Plaintiff's counsel submitted her declaration, and on March 15, 2019,

Defendant's counsel filed a declaration in response.  ECF Nos. 13, 15.  ECF No.

15 ¶ 17.

On March 27, 2019, Magistrate Judge Mansfield issued the F&R to

Grant Plaintiff's Motion for Remand and, pursuant to 28 U.S.C. § 1447(c), award

Plaintiff $19,083.76 in attorneys' fees and costs incurred in connection with the

removal.  ECF No. 16.  On March 29, 2019, Defendant filed Objections to the

F&R and on April 12, 2019, HMSA filed a Response, which includes a request for

additional fees and costs expended in preparing the Response.  ECF Nos. 17-18.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition

without a hearing.

### III.  <u>STANDARD OF REVIEW</u>

When a party objects to a magistrate judge's findings or

recommendations, the district court must review de novo those portions to which

the objections are made and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United

States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he

district judge must review the magistrate judge's findings and recommendations de

novo *if objection is made*, but not otherwise.").  That is, "[t]he district judge may

accept the portions of the findings and recommendation to which the parties have

not objected as long as it is satisfied that there is no clear error on the face of the

record."  *Naehu v. Read*, 2017 WL 1162180, at *3 (D. Haw. Mar. 28, 2017)

(citations omitted).

Under a de novo standard, this court reviews "the matter anew, the

same as if it had not been heard before, and as if no decision previously had been

rendered."  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United

States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not

hold a de novo hearing; however, it is the court's obligation to arrive at its own

independent conclusion about those portions of the magistrate judge's findings or

recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614,

618 (9th Cir. 1989).

## IV.  DISCUSSION

Defendant contends that Magistrate Judge Mansfield erred in

determining that (1) there is no federal question jurisdiction, and (2) an award of

Plaintiff's attorneys' fees and costs in excess of $19,000 is "just."  ECF No. 17 at

PageID #199-201.  The court first sets forth the legal standard for removal

pursuant to § 1441, and then addresses Defendant's Objections.

## A.     Removal Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove to federal district court "any civil action brought in a State court," provided the district court to which the action is removed would have "original jurisdiction" over that action. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal jurisdiction generally exists where a case filed in state court presents claims "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or involves "diversity of citizenship" and "the matter in controversy exceeds . . . $75,000," 28 U.S.C. § 1332.

The removal statute is strictly construed against removal jurisdiction, and the defendant bears the burden of establishing federal jurisdiction. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubt as to removability should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B.** **Defendant Failed to Establish a Basis for Federal Question Jurisdiction**

Defendant's Notice of Removal bases federal question jurisdiction on the assertion that federal Medicaid laws were at issue in the underlying arbitration, which was conducted pursuant to the FAA. ECF No. 1 at PageID #2. Defendant's Opposition to the Motion for Remand identifies a second basis for federal question jurisdiction—that the arbitrator's award "was rendered in manifest disregard of federal law." ECF No. 9-1 at PageID #71. And in objecting to the F&R, Defendant argues that this action arises under federal law, notwithstanding Plaintiff's "artfully drafted" Motion for Confirmation alleging only state law contract claims, because "the entire arbitration proceeding centered upon the interpretation and application of federal Medicaid laws, rules, and regulations regarding the recoupment and auditing of federal Medicaid funds." ECF No. 17 at PageID #199. None of these arguments is sufficient to establish federal question jurisdiction in this case. To place Defendant's points in context, the court first discusses the FAA and the generally-applicable well-pleaded complaint rule, and then discusses the exception to that rule upon which Defendant relies.

**1.** ***The FAA***

It is well-established that although the FAA "creates federal substantive law requiring the parties to honor arbitration agreements, it does not

create any independent federal question jurisdiction." *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984); *see also Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (recognizing that the FAA "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute") (editorial marks and citation omitted); *see also Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833 (9th Cir. 2004) ("[W]hen a petition is brought under the [FAA], a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction.") (citation omitted); *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883-84 (9th Cir. 1993) (discussing and collecting cases); *see also Gen Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981) (holding that "the provisions of 9 U.S.C. § 9 do not . . . confer subject matter jurisdiction on a federal district court," thus parties seeking "confirmation of an arbitration award under [§ 9], must demonstrate independent grounds of federal subject matter jurisdiction").

And the mere "presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA." *Carter*, 374 F.3d at 836; *see also Luong v. Circuit City Stores, Inc.,* 368 F.3d 1109, 1111 (9th Cir.

10

2004) (holding that the FAA does not "create federal question jurisdiction even when the underlying arbitration involves a federal question") (citation omitted); *Sharlands Terrace, LLC v. 1930 Wright St., LLC*, 2011 WL 3566816, at *4 (N.D. Cal. Aug. 12, 2011) ("[A] petition to vacate or confirm an arbitration award does not 'arise under' federal law merely because 'the underlying arbitration involves a federal question.'") (quoting *Luong*, 368 F.3d at 1111). Thus, Defendant's reliance on the FAA and the mere presence of federal issues in the underlying arbitration for federal question jurisdiction is without merit.

2.      ***The Well-Pleaded Complaint Rule***

"Under the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden*, 556 U.S. at 60 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (quotation marks omitted). Federal question jurisdiction "cannot be predicated on an actual or anticipated defense . . . [or] counterclaim." *Id.* In the context of a motion to confirm or vacate an arbitration award, "a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition." *Luong,* 368 F.3d at 1111; *see Carter*, 374 F.3d at 836.

Here, the Motion for Confirmation does not reference any federal law which could provide federal question jurisdiction. That is, the Motion for Confirmation seeks confirmation of the Final Award pursuant to the FAA, 9 U.S.C. § 9, (which, as set forth above, does not create an independent basis for federal question jurisdiction), state law, and a contractual provision in the QUEST PPA. ECF No. 1-1 at PageID #5-7. Specifically, the Motion for Confirmation relies upon section 8.3(a) of the QUEST PPA, which provides that "[t]he decision of the arbitrator shall be final and binding on the parties and *judgment shall be entered thereon upon timely motion by either party in a court of competent jurisdiction*," *id.* at PageID #7, 30 (emphasis added), and on HRS ch. 658A, *id.* at PageID #5-7. At most, the Motion for Confirmation explains that the QUEST PPA governs services rendered to HMSA members enrolled in a "Medicaid managed care program," but it does not seek confirmation pursuant to any Medicaid-related law, rule, or regulation. In short, the Motion for Confirmation does not establish federal question jurisdiction under the well-pleaded complaint rule.

Defendant, however, contends that an exception to this rule applies.

### 3. *Federal Jurisdiction Does Not Lie Over Plaintiff's State-Law Claim*

The Supreme Court has recognized an exception to the well-pleaded complaint rule in a "special and small category" of cases in which state-law claims

are deemed to arise under federal law. *Gunn v. Minton*, 568 U.S. 251, 258 (2013)

(quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699

(2006)). Under this exception, in certain cases "federal-question jurisdiction will

lie over state-law claims that implicate significant federal issues." *Grable & Sons*

*Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). A state-law

claim implicates a significant federal issue if when a state-law claim is asserted, a

federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and

(4) capable of resolution in federal court without disrupting the federal-state

balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable & Sons*,

545 U.S. at 313-14).

The first element of this exception can be met where either "'federal

law creates the cause of action' or the plaintiff's 'right to relief necessarily depends

on resolution of a substantial question of federal law.'" *Armstrong v. N. Mariana*

*Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009) (quoting *Williston Basin Interstate*

*Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly*

*Subterranean Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008)).

The mere reference to a federal issue, however, does not operate "as a password

opening federal courts to any state action embracing a point of federal law."

*Grable & Sons*, 545 U.S. at 313. Rather, a "substantial, disputed question of

federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13 (1983); *see also Rains v. Criterion Sys.*, 80 F.3d 339, 345-46 (9th Cir. 1996). And federal law is not a "necessary element" if "a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory." *Rains*, 80 F.3d 346.

Here, Defendant fails to establish the first element of this exception. Plaintiff's claims for reimbursement in the underlying arbitration proceeding could be, and in fact were, resolved under state contract law. *See* ECF No. 15-4 at PageID #161-63, 169. Therefore, Plaintiff's claims do not "necessarily depend on resolution of a substantial question of federal [Medicaid] law." *Armstrong*, 576 F.3d at 954-55; *see Rains*, 80 F.3d 346 ("When a claim can be supported by . . . a state law theory . . . federal law is not a necessary element of the claim.").

Thus, Defendant fails to establish federal question jurisdiction based on his argument that Plaintiff's claims for reimbursement in the underlying arbitration significantly implicate federal law.

### 4. *Arbitrator's Manifest Disregard of Federal Law*

Defendant sets forth an alternative basis for his argument that the significant implication of federal law exception applies—that in rendering the

14

Final Award, the arbitrator manifestly disregarded federal law. The Ninth Circuit has recognized that federal question jurisdiction exists over an action to confirm or vacate an arbitration award if the arbitrator manifestly disregarded federal law. *See Carter*, 372 F.3d at 836; *Luong*, 368 F.3d at 1112 ("[T]he . . . Ninth [Circuit] recognize[s] a non-statutory escape valve from an arbitral award where the arbitrator has manifestly disregarded the law."). This is because

> manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregarded that law. This process so immerses the federal court in questions of federal law and their proper application that federal question subject matter is present.

*Luong*, 368 F.3d at 1112 (quoting *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000)). An exception to the exception applies, however, where the allegation that the arbitrator manifestly disregarded federal law is "patently without merit." *See, e.g.*, *Carter*, 374 F.3d at 836-38 & n.5 ("[E]ven if this argument could be construed as asserting manifest disregard of federal law, it is so patently without merit that it cannot ground federal jurisdiction.").

At the outset, the court observes that it makes little sense for a motion to confirm arbitration to claim manifest disregard of federal law. That is, in seeking to confirm an arbitration award, a movant would not generally argue that

the arbitrator disregarded applicable federal law. Rather, such an assertion would more appropriately arise in connection with a motion to *vacate* an arbitration award. *See Carter*, 374 F.3d at 837-38 (construing ground for vacating arbitration award as asserting manifest disregard of federal law); *see also Luong*, 368 F.3d at 1112 (holding that federal question jurisdiction existed over motion to vacate arbitration award based on assertion of manifest disregard of federal law). And to be clear, Defendant did not specifically seek to vacate the Final Award. Nevertheless, even if an assertion of manifest disregard of federal law could apply to establish federal question jurisdiction over a motion to *confirm* an arbitration award, it is insufficient under the circumstances presented here.

First, Defendant did not timely allege that the arbitrator manifestly disregarded federal law. The removal statute requires that a defendant file a "notice of removal . . . containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). This notice must be filed within 30 days after being served with the initial pleading. 28 U.S.C. § 1446(b)(1). Prior to the expiration of that 30-day window, a defendant "may freely amend the notice of removal." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (Rev. 4th ed. April 2019). But after the 30-day window has passed, a defendant may amend the notice "only to set out more specifically the

grounds for removal that already have been stated in the original notice." *Id.*; *see ARCO Envtl. Remediation, LLC v. Dept. of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (explaining that a notice may be amended after the 30-day window to "correct a defective allegations of jurisdiction") (citation and quotation marks omitted); *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (recognizing that after the 30-day window lapses, "the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made"). That is, after the 30-day window has closed, a defendant may not assert "a separate basis for removal jurisdiction." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988); *see also ARCO Envtl. Remediation, LLC*, 213 F.3d at 1117 (reversing district court's order denying remand and holding that defendant may not effectively amend notice of removal by asserting new grounds for removal, after the 30-day window had closed, in opposition to motion to remand); *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) (remanding action, in part because a "notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand") (citing *ARCO Envtl. Remediation, LLC*, 213 F.3d at 1117).

Here, the Motion for Confirmation was served on January 7, 2019,
ECF No. 101 at PageID #41, and was removed on January 11, 2019, ECF No. 1 at
PageID #1. Defendant's Notice of Removal asserts only that "the action seeks to
confirm the award of an arbitration proceeding arising from the interpretation of
federal laws and regulations and conducted in accordance with the rules of the
[FAA]." ECF No. 1 at PageID #2. Nowhere does Defendant mention that the
arbitrator manifestly disregarded federal law. Defendant filed his Opposition on
February 18, 2019, after the 30-day window had passed. Thus, to the extent
Defendant's allegation that the arbitrator manifestly disregarded federal law is an
attempt to amend the Notice of Removal to assert a new basis for federal question
jurisdiction, it was untimely. *See ARCO Envtl. Remediation, LLC*, 213 F.3d at
1117; *O'Halloran*, 856 F.2d at 1381; *Rader*, 941 F. Supp. 2d at 1196.

Second, even if the court reaches Defendant's allegation of manifest
disregard of federal law, it lacks merit. Manifest disregard of federal law means
"something more than just an error in the law or a failure on the part of the
arbitrator[] to understand or apply the law." *Lagstein v. Certain Underwriters at
Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (internal quotations and
citation omitted). To establish manifest disregard, "the moving party must show
that the arbitrator 'underst[oo]d and correctly state[d] the law, but proceed[ed] to

disregard the same.'"  *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir.

2007) (quoting *San Martine Compania De Navegacion, S.A. v. Saguenay*

*Terminals Ltd.*, 293 F.2d 796, 801 (9th Cir. 1961)); *see also Comedy Club, Inc. v.*

*Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) ("To establish manifest

disregard of the law in the Ninth Circuit, '[i]t must be clear from the record that the

arbitrator . . . recognized the applicable law and then ignored it.'") (citation

omitted).

        Here, the Final Award sets forth Defendant's federal Medicaid law

defenses to Plaintiff's claims and then explains why the arbitrator rejected those

defenses.  *See* ECF No. 1-1 at PageID #15, 17-18.  That is, the arbitrator discussed

Defendant's Medicaid law defenses and the reasoning behind his conclusion that

they do not bar Plaintiff's claims.  *See id.* at PageID #17-18.  In short, the Final

Award shows that Defendant's allegation that the arbitrator manifestly disregarded

federal law—that is, that the arbitrator ignored applicable federal law—is "patently

without merit."  *See Carter*, 374 F.3d at 836-37; *see also Jenks v. DLA Piper (US)*

*LLP*, 2014 WL 3381947, at *1 (rejecting federal subject-matter jurisdiction based

on allegation of manifest disregard where such allegation was patently without

merit).

For the reasons set forth above, the court finds that Defendant has failed to establish a basis for federal question jurisdiction. Thus, this court finds that the action must be remanded to state court.

## C.    Defendant's Removal Does Not Approach a Rule 11(b) Violation

Concluding that the Motion for Confirmation was not a "civil action" and therefore, Defendant lacked a suitable procedural basis for removal, the Magistrate Judge determined that Defedant's "removal teeters on the edge of violating Federal Rule of Civil Procedure 11(b)." ECF No. 16 at PageID #14. The court disagrees and REJECTS the portion of the F&R addressing these points.

The F&R recognized that state law determines when a dispute may be deemed a cognizable action in state court, and that under Hawaii law, a civil action is commenced by filing a complaint. *Id.* at PageID #15-16. (citing *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) (recognizing that state law determines whether an action commences in state court upon filing or upon service) and Haw. R. Civ. P. 3 (providing that a "civil action is commenced by filing a complaint")). The F&R then reasoned that because Plaintiff filed a motion for confirmation, rather than a complaint or pleading, no civil action existed that could be removed pursuant to 28 U.S.C. §§ 1441 and 1446. *Id.* at PageID #16-19.

But the F&R's conclusion—that pursuant to state law, the Motion for Confirmation is not a removable civil action—is at odds with long-standing guidance from the Supreme Court that federal courts determine the nature of suits under the removal statute:

> The question of removal under the federal statute is one for the consideration of the federal court. It is not concluded by the view of a state court as to what is a suit within the statute. While the decision of the state court as to the nature of a proceeding under state statutes sought to be removed is, of course, very persuasive, it is not controlling . . . . The court decides that for itself.

*Comm'rs of Road Improvement Dist. No. 2 of Lafayette Cty. v. St. Louis Sw. Ry. Co.*, 257 U.S. 547, 557-58 (1922) (citations omitted); *see also* 16 James Wm. Moore et al., Moore's Federal Practice & Procedure § 107App.101[2] (3d ed. 2019) ("Whether a state proceeding is a civil action, for removal purposes, and has been properly removed involves the construction of the removal statute . . . ."). And the F&R's conclusion does not take into account the legislative history of the removal statute, which suggests that the term "civil action" was intended to distinguish between non-removable criminal actions from civil ones. *See* 16 Moore's § 107App.101[1] & [2].

Further, when considering the removal statute, 28 U.S.C. § 1441(a), which "permits removal only of 'civil action[s] brought in a State court,' . . .

federal courts have broadly construed the term 'civil action.'" 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3721.1 (Rev. 4th ed., April 2019). Thus, federal courts have long considered "actions . . . to confirm or vacate an arbitration award . . . [to be] civil actions within the meaning of the federal removal statute." *Id.* (citing cases); *see, e.g.*, *Heifetz v. Tugendraijch*, 542 F. Supp. 1207, 1208 (E.D.N.Y 1982) ("[P]etitions to confirm arbitrators' awards . . . have always been considered properly removable where they satisfy the prerequisites of 28 U.S.C. § 1441(a).") (citing cases); *cf. Metalmark Northwest, LLC v. Stewart*, 2008 WL 11442024 (9th Cir. May 6, 2008) (affirming federal district court order confirming arbitration award following removal of motion to confirm arbitration filed in state court); *Johnson v. England*, 356 F.2d 44, 47 (9th Cir. 1966) (finding a motion to compel arbitration to be a removable civil action); *Int'l Union of Painters & Allied Trades, Drywall Tapers, Finishers & Allied Workers, Local Union 1944 v. TNT Plastering & Stucco, LLP*, 2014 WL 1326990 (D. Haw. Feb. 14, 2014), *findings and recommendation adopted*, 2014 WL 1326996 (D. Haw. Mar. 31, 2014) (explaining that plaintiff's motion to confirm arbitration award was removed from state court, after which defendant filed motion to vacate arbitration award, and recommending denial of motion for attorney fees following district court ruling vacating arbitration award); *Donnelly v. Jewel of*

*Kahana, LLC*, 2013 WL 1337134 (D. Haw. Mar. 28, 2013) (confirming arbitration award following removal of action initiated by the filing in state court of a motion to confirm arbitration award); *but cf. Ariz. ex rel. Goddard v. Yeh*, 2009 WL 2870078, at *1 (D. Ariz. Sept. 3, 2009) (remanding case based on determination that application for forfeiture seizure warrant alone, without the filing of either a notice of pending forfeiture or a forfeiture complaint, was not a removable civil action).

Given the large body of federal authority supporting removal of state-court motions or petitions to confirm arbitration awards, the court finds that Defendant's removal does not approach a Rule 11(b) violation. The court further finds that Defendant's failure to object to the F&R's determinations on these points is not evidence that Defendant has "crossed the [Rule 11] line identified by the Magistrate Judge," as Plaintiff suggests. ECF No. 18 at PageID #207.

Thus, the court REJECTS the portion of the F&R (ECF No. 16 at PageID #14-19) addressing issues of whether this is a civil action, whether valid procedures exist for removal, and finding that Defendant's removal nearly violated Rule 11(b). *Cf. Naehu*, 2017 WL 1162180, at *3 ("The district judge may accept the portions of the findings and recommendation to which the parties have not

objected as long as it is satisfied that there is no clear error on the face of the record.").

**D.      Attorneys' Fees and Costs**

Defendant objects to the F&R's recommendation to award $19,083.76 in Plaintiff's attorneys' fees and costs, arguing that such an award is not "just." *Id.* at PageID #200-01.  The court agrees.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*  "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)).

Here, the court finds that the issue of federal jurisdiction based on manifest disregard of federal law is moderately complex.  This is particularly so

here, where the issue is raised in connection with a motion for confirmation of an arbitration award.  Although Defendant's arguments for federal question jurisdiction lack merit, this fact alone is not enough to support a finding that Defendant lacked an objectively reasonable basis for seeking removal.  *See Martin*, 546 U.S. at 141; *Grancare, LLC*, 889 F.3d at 552.  Accordingly, the court REJECTS the F&R's recommendation, pursuant to § 1447(c), to award Plaintiff its attorneys' fees and costs incurred in connection with removal.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the court finds that there is no federal question jurisdiction, and therefore, this action must be remanded.  The court further finds that Defendant had an objectively reasonable basis to seek removal and therefore, an award of Plaintiff's attorneys' fees and costs incurred in connection with removal is not warranted.

///

///

///

///

///

///

Thus, the F&R is ADOPTED in part and REJECTED in part. The Clerk of Court is DIRECTED to remand this action to the State of Hawaii Circuit Court for the Third Circuit forthwith.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 7, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Haw. Med. Servs. Assoc. v. Nitta*, Civ. No. 19-00014 JMS-KJM, Order Adopting in Part and Rejecting in Part Findings and Recommendation, ECF No. 16, and Remanding Action to State Court